IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELIQUE RICHARDSON                                                                PLAINTIFF


v.                                        CIVIL NO. 22-2116


KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                      DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Angelique Richardson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on July 24, 2019, alleging an inability to work since February 6, 2019, due to high blood pressure, hypertension, high cholesterol, carpal tunnel syndrome, chronic obstructive pulmonary disease, irritable bowel syndrome, neuropathy and peripheral neuropathy, anxiety, depression, degenerative disc disease, sciatica and a mental or psychiatric impairment.  (Tr. 169, 323, 330). An administrative telephonic hearing was held on September 16, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 89-106). A supplemental telephonic hearing was held on December 8, 2020. (Tr. 109-143).

1

After the case was reassigned to a different ALJ, a supplemental telephonic hearing was held on October 21, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 18, 144-167).

By written decision dated December 6, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 21). Specifically, the ALJ found Plaintiff had the following severe impairments: obesity and degenerative disc and joint disease. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967 (b) except occasional climb, balance, stoop, kneel, crouch and crawl; and occasional overhead reaching bilaterally.

(Tr. 25-26). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a cashier. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on June 16, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence

on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

3

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

### III.   Discussion:

Plaintiff argues the following issues on appeal: A) Plaintiff has additional severe impairments; B) The RFC is inconsistent with the evidence; and C) Plaintiff cannot return to her past work. (ECF No. 13).

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b). Here, the Appeals Council denied review, finding that the new evidence dated November 1, 2021, through December 1, 2021, did not show a reasonable probability that it would change the outcome of the decision; and the evidence dated January 11, 2022, did not relate to the time period at issue. (Tr. 2). In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council

4

has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

In this case, the record revealed Plaintiff's on-going treatment for neck pain that radiated into her upper extremities. The new evidence submitted to the Appeals Council included treatment notes dated November 10, 2021, wherein Plaintiff was seen by Sherilyn Jo Bennett, APRN, and reported experiencing "a lot of radicular pain with her neck" that went "down into both of her arms." (Tr. 43). APRN Bennett noted that Plaintiff reported a worsening of her neck pain after attending physical therapy. Upon examination, APRN Bennett noted Plaintiff experienced cervical pain with movement, muscular tenderness, and a decreased range of motion. (Tr. 48). At that time, APRN Bennett recommended that Plaintiff undergo a MRI of the cervical spine. On December 1, 2021, APRN Bennett noted that Plaintiff continued to have neck pain and reported that she also had problems dropping things with her hands. (Tr. 51). On January 11, 2022, Plaintiff underwent a neurosurgery consultation performed by Dr. Daraspreet S. Kainth, for an evaluation of her neck pain that radiated into her arms and hands. (Tr. 8-10). After reviewing a MRI of the cervical spine dated December 8, 2021, Dr. Kainth observed a mild disc bulge at the C4-5 level with left C4-5 neuroforaminal narrowing; and a disc herniation with moderate stenosis and bilateral neuroforaminal narrowing at C5-6. Dr. Kainth also observed progression of disc herniation when compared to the MRI performed in 2019. Dr. Kainth opined that Plaintiff would be a surgical candidate if she stopped smoking and received clearance from pulmonology. Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of August 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE